By the Court.
Sedgwick, Ch. J.
The plaintiff claimed, that the defendant had sold to him twenty-two shares of the stock of a corporation, for which he had paid the defendant $22,000, and also that the purchase was so induced by the false and fraudulent representations of the defendant; that the plaintiff had a right to rescind the purchase and recover the $22,000, also claiming that he had in fact rescinded. The defenses denied the right to rescind and the fact of rescission, claiming that the plaintiff had not tendered or returned the stock to the defendant, in a manner that would allow the plaintiff to rescind, or in other words, unconditionally.
The most important fact, as to the return of the shares *191 to the defendant is, that after negotiation or dispute between the plaintiff and defendant, after the plaintiff had demanded that defendant should give security, as well as his own obligation, as an indemnity against plaintiff’s liability as stockholder, etc., the defendant and his wife, the latter expressly charging her separate estate, made a bond to the plaintiff. It recited, whereas William F. Bridge has transferred or is about to transfer to George H. Penniman, all his stock and interest in the company specified, and has resigned as president and trustee of the company, in consideration of the premises and of one dollar, the‘said George H. Penniman, who is here the defendant, and his wife, “ do jointly and severally agree to indemnify and save harmless the said Bridge from all claims, debts or demands, of whatever name, nature or kind, now existing against said company or heretofore contracted by it, or on its behalf, also from all claims or demands against him as a stockholder in, or trustee of said company,” etc. The plaintiff upon receiving this bond transferred the stock.
The matter may be considered in view of alternative suppositions; one, that the loss indemnified against in the bond, was of the kind that might be the foundation of a recovery for damages in an action brought for damages from the fraudulent representations referred to ; the other that the arrangement as to the bond was independent of the original transaction, and the transferring of the stock was merely a consideration for the contract of indemnity.
On the former supposition, when the plaintiff took indemnity for the losses, upon a claim for damages, he would elect to stand upon his right to damages for being induced by fraudulent means to make the purchase. In such case, he had lost the right to rescind, and indeed the possibility of returning the shares, as a condition of the right to rescind, was gone upon his transferring them, under the contract made by the bond of indemnity. My rendering of the testimony is, that in fact, the bond was *192 given under the plaintiff’s repeated claim for damages from the original transaction.
On the other supposition, that the transfer of the shares was merely a consideration for the bond, it would seem clear that the shares, and the whole of their value and of then use, were given and wholly devoted to the object of the bond as a contract, and that, as in the former case, the plaintiff lost the right and power to use them in any way, as a condition of rescinding the purchase and claiming the money paid on it from the defendant. Evidently, the plaintiff had.lost all dominion, or jus disponendi of the shares, and this he must have to enable him to return the shares or tender them in disaffirmance or rescission of the original contract.
This latter supposition, includes the possible case of the original purchase and sale being made under a mutual mistake of fact.
The learned counsel for the appellant argues, that the bond of indemnity was given in consequence of a promise made by the defendant, after the plaintiff had discovered that the representations were untrue. That promise was in a letter of defendant, and was, “I need not write you that anything in my power to do, wiE be done to keep you from loss.” The learned referee in his opinion, shows that this was not in its meaning, a promise to indemnify, or an offer to make a contract of indemnification, but was an assertion as to the writer’s future action in the business of the company. If it were otherwise, and was a contract, some consideration must be found to support it. The plaintiff made no mutual promise to form a considertion. If the implied promise was the legal obligation of the defendant to make the plaintiff good from loss from the original transaction, then the plaintiff elected not to rescind. If there were an impHed promise that each should do what was afterwards done when the bond was given, then, as it has been remarked before, the plaintiff devoted the shares to a purpose other than giving or tendering them to the defendant, in order that the latter *193 might be subjected to the obligation to return the money paid for the shares.
It is unnecessary to go into further particulars, for the opinion of the referee fully and satisfactorily shows the merits of the case.
Judgment affirmed, with costs.
Freedman, J., concurred.